IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESLEY SANDLIN, Individually and on behalf of other employees similarly situated <br><br> Plaintiff, <br><br> v. <br><br> GRAND ISLE SHIPYARD, INC., <br> Defendant. | CIVIL ACTION COMPLAINT <br><br> CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Wesley Sandlin ("Plaintiff" or "Sandlin"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), file their Original Complaint against Defendant Grand Isle Shipyard, Inc. ("Defendant" or "GIS"), and for cause of action would specifically show that:

### I.
### PRELIMINARY STATEMENT

1. Plaintiff Wesley Sandlin brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of himself individually and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2. Plaintiff seeks certification of this suit as a collective action on behalf of all current and former "Life Representatives" or "Safety(ies)" who have been employed by GIS during the

1

past three years ("Collective Action Members"), and who have not been paid overtime compensation for all overtime hours worked.

## II.
## PARTIES

**A.     Collective Action Members.**

3.     Mr. Sandlin is an individual residing at 4 Lasswade Lane, Bella Vista Arkansas, 72715.

4.     Mr. Sandlin started working for GIS in November 2011 as a "life representative" or "safety." As a safety, Mr. Sandlin would travel out to the jobsites to perform an inspection ensuring that the jobsite was in compliance with the rules and regulations issued by GIS.

5.     The Collective Action Members are those persons who (a) currently or previously worked for Defendant during the three-year period preceding the filing of this complaint; (b) worked as a "Life Representative" or "Safety" or with any similar title who performed similar duties of Plaintiff (hereafter, "Safety"); and (c) were not compensated for overtime. Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant. These collective action members are referred to as "similarly situated."

**B.     Defendant.**

6.     Defendant Grand Isle Shipyard, Inc. is a Louisiana For-Profit Corporation whose corporate headquarters are located at 18838 Hwy. 3235, Galliano, LA, 70354, which is located in the Eastern District of Louisiana. GIS can be served with citation by serving its registered agent for service of process, CT Corporation System at 1999 Bryan St., Ste., 900, Dallas, TX 75201, or wherever else it may be found.

7. At all relevant times, GIS has been engaged in the business of owning and operating an oilfield services company nation-wide. Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

8. At all relevant times to this action, Defendant was the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### III.
### JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to the terms of the FLSA (29 U.S.C. §216(b)) and 28 U.S.C. §1331.

10. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b) and (d) because Defendant is located in this District, a substantial part of the events forming the basis of this action occurred in this district.

### IV.
### COLLECTIVE ACTION ALLEGATIONS

11. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

12. Plaintiff Sandlin ("Plaintiff") brings this action for violations of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all "life representative(s) and/or safety(ies)" who were not compensated for overtime hours worked, who were employed by Defendant within the last three years.

13. Similarly-situated Life Representatives/Safeties were not paid overtime compensation as they were misclassified as salaried exempt. Life Representatives/Safeties do not have exempt duties, but rather merely facilitate an automated process dictated by guidelines and

3

checklists. Life Representatives/Safeties do not have discretion and independent judgment in performing their day-to-day work.

14. Therefore, Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. §216(b).

## V.
## FACTUAL BACKGROUND

15. Sandlin started working as a Life Representative/Safety for GIS in November 2011. GIS[1] is an oilfield services company that provides construction, maintenance and turnaround, production, and engineering services. According to GIS's website[2], "LIFE is the proactive, operational, and behavior-based component of GIS's comprehensive Safety Management Program."

16. Mr. Sandlin's job duties as a Life Representative/Safety was to monitor the work and work environment of other GIS employees to ensure compliance with GIS's safety guidelines and checklists.

17. These checklist items included items such as:

"does crew have a morning sign in sheet?"

"Are job steps assigned to individuals?"

and "Did Supervisor/Foreman participate in writing and reviewing the WP/SEA with crew?"

**Exhibit 1.**

---

[1] http://www.gisyeng.com/
[2] http://www.gisyeng.com/index.php/safety/

18. Mr. Sandlin was also responsible for administering the GIS "risk assessment." **Exhibit 2.** This involved verifying that GIS equipment, such as wrenches and hammers, were in working order, that GIS employees wore all required Personal Protective Equipment (PPE), and documenting any instances of noncompliance.

19. GIS's Risk Assessment Checklist Master Form instructs Life Representatives/Safeties to verify that "[p]roper safety glasses [are] on site," that "ear protection [is] provided," and that "work vests [are without] tears" among other things. Exhibit 3.

20. Mr. Sandlin worked substantial overtime hours, oftentimes working twelve hours days, seven days per week.

21. Mr. Sandlin did not possess the authority to hire, fire or discipline other GIS employees. His position only required that he flag noncompliance for further action by supervisory staff.

22. Mr. Sandlin does not have a formal education. Prior to becoming a Life Representative/Safety, Mr. Sandlin worked as a police officer for 30 years.

23. Mr. Sandlin, like all other Life Representatives/Safeties, was paid on a salary basis with no compensation for overtime until May 2016, after GIS was sued for violations of the Fair Labor Standards Act. *See Wellman v. Grand Isle Shipyard, Inc.*, 2014 WL 5810529 (E.D. La. Nov. 7, 2014); *see also Baricuatro, et al., v. Industrial Personnel and Management Services, Inc. et al.*, 2:11-cv-2777-KDE-JCW (E.D. La.)

## COUNT I
## VIOLATIONS OF THE FLSA

24. All previous paragraphs are restated and re-alleged as though fully set forth herein.

25. The FLSA requires that covered employees be compensated one-and-one-half times their regular rate for hours worked over 40 per workweek. 29 U.S.C. § 207.

26. GIS is a covered "employer" required to comply with the FLSA's mandates.

27. Plaintiff, and other similarly-situated Life Representatives/Safeties, are/were covered employees, i.e. non-exempt employees, entitled to the FLSA's protections.

28. Defendant violated the FLSA in failing to pay Plaintiff Sandlin and other similarly-situated Life Representatives/ Safeties overtime compensation for all hours worked greater that forty (40) in a given workweek.

29. Defendant GIS failed to maintain accurate time records of Plaintiff's and actual start times, actual stop times, hours worked each day and total hours worked each workweek, within the three (3) year statute of limitations period.

30. As a result of the underpayment of wages alleged above, Defendant is indebted to Plaintiff and Collective Action Members in the amount of the unpaid overtime compensation.

31. Plaintiff and the Collective Action Members are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

32. The written Consent form of Mr. Sandlin is attached as **Exhibit 4.**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of themselves and all similarly-situated Life Representatives/Safeties pray for relief as follows:

A. Designation of this action as a collective action on behalf of the similarly-situated Life Representatives/Safeties and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Lost overtime wages and improperly deducted wages and overtime, to the fullest extent permitted under the law;

C. Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

D. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

E. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Scott Webre
Scott Webre, #27322
Webre and Associates
2901 Johnston Street, Suite 307
Lafayette, Louisiana 70503
(337) 237-5051 Telephone
(337) 237-5061 Facsimile
Scott@webreandassociates.com

Trang Q. Tran *Pro Hac Vice*
Tran Law Firm
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
(713) 223-8855 Telephone
(713) 623-6399 Facsimile
Ttran@tranlawllp.com

***ATTORNEYS FOR PLAINTIFF***

**PLEASE DELIVER TO COUNSEL IDENTIFIED ABOVE APPROPRIATE CITATION AND SUMMONS FOR:**

Grand Isle Shipyard, Inc.
Through its registered agent for service of process
CT Corporation System
1999 Bryan St., Ste., 900
Dallas, Texas 75201