UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WESLEY SANDLIN                                          CIVIL ACTION

VERSUS                                                  No. 17-10083

GRAND ISLE SHIPYARD, INC.                               SECTION I

## ORDER AND REASONS

Welcome to déjà vu. Yet again, plaintiff has filed a motion[1] to strike a number of defendant's affirmative defenses—eleven, to be precise—and, yet again, defendant opposes[2] the motion.

The Fifth Circuit has long held the view that "motions to strike a defense are generally disfavored." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). As long as a defendant has pleaded a defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced," then a motion to strike the defense will fail. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Having reviewed defendant's amended answer, as well as plaintiff's complaint, the parties' briefs, and the case law, the Court concludes that defendant has met this standard with respect to all of the defenses that plaintiff moves the Court to strike.

The Court advises plaintiff to refrain from wasting the Court and defendant's time with needless and less-than-thoughtful motions.[3] If plaintiff takes issue with

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 31.

1

one or more of the defenses asserted by defendant, then he may challenge those defenses on a post-discovery motion for summary judgment, at which point the Court will be in a better position to address the merits of his arguments.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 19, 2018.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court puts plaintiff on notice that, in the event that he prevails and is entitled to attorney's fees, the Court may not award attorney's fees related to his second motion to strike.